IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 13, 2024

## LISA SMITH ET AL. v. STATE FARM ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 23C1977          Thomas W. Brothers, Judge

_____

**No. M2024-00105-COA-R3-CV**
_____

This appeal involves a complaint against four defendants for damages arising out of an automobile accident. The trial court dismissed the plaintiff's claims against three of the four defendants. Because the order does not resolve the plaintiff's claims against all of the defendants, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Lisa Carol Smith, Nashville, Tennessee, pro se.

Russell Edward Reviere, Jackson, Tennessee, for the appellees, Allstate Insurance Company and UBER Inc.

Christopher D. Fisher, Murfreesboro, Tennessee, for the appellees, State Farm Insurance and Gregory Davis.

**MEMORANDUM OPINION**[1]

On August 18, 2022, Lisa Smith was involved in an automobile accident while working as a driver for Uber Inc. ("Uber"). On August 23, 2023, Ms. Smith filed this suit

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

against Uber and the other driver, Gregory Davis. She also named as defendants Uber's insurance carrier, Allstate Insurance Company ("Allstate") and Mr. Davis's insurance carrier, State Farm Insurance ("State Farm").[2] Uber, Allstate, and State Farm moved to dismiss the claims against them under Tennessee Rule of Civil Procedure 12. On December 18, 2023, the trial court granted the defendants' motions and dismissed Ms. Smith's claims against Uber, Allstate, and State Farm. Ms. Smith filed a notice of appeal on January 11, 2024.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. Here, the trial court has not adjudicated Ms. Smith's claims against Mr. Davis. Those claims remain pending before the trial court. Thus, the December 18, 2023 order is not final and not subject to an appeal as of right.

On April 18, 2024, this Court ordered Ms. Smith either to obtain a final judgment within ninety days or else to show cause why her appeal should not be dismissed. Uber, Allstate, and State Farm responded by moving to dismiss the appeal and award damages for filing a frivolous appeal under Tennessee Code Annotated § 27-1-122. Ms. Smith responded by asserting that the parties have agreed that this Court has jurisdiction and that they will not raise any jurisdictional issues. This assertion appears false based on the appellees' motion to dismiss. In any event, the parties cannot agree to waive the finality requirement. This Court does not allow appeals from interlocutory orders based solely on the agreement of the parties.

Ms. Smith also relies on Tennessee Rule of Civil Procedure 54.02 and Tennessee Rule of Appellate Procedure 9. However, the trial court has neither directed the entry of a final judgment under Rule 54.02 nor granted permission to appeal under Rule 9. Ms. Smith's response fails to show good cause why the appeal should not be dismissed for lack of a final judgment. Having considered both Ms. Smith's response and the appellees' motion to dismiss, the Court concludes the appeal should be dismissed even though the ninety-day time period provided by the show cause order has not yet expired. However, we decline to find the appeal frivolous under Tennessee Code Annotated § 27-1-122. The dismissal is without prejudice to the filing of a new appeal once a final judgment is entered.

---

[2] The complaint named Geico Secure Insurance Company ("Geico") as a plaintiff, but it does not appear that Geico participated in the case.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The request for damages for a frivolous appeal under Tennessee Code Annotated § 27-1-122 is denied. The case is remanded to the trial court for further proceedings consistent with this opinion.

PER CURIAM